ANDREW THOMPSON, Appellant, v. NILES & WATTERS.

**Convicts:** CERTIFICATES OF DEPOSIT: *Payment to warden.* Code, section 5683, providing that the warden shall "receive and care for any property" a convict may have on his person on enter-

ing the prison, does not authorize the warden to receive pay-
ment of a certificate of deposit belonging to a convict, and such
payment is at the bank's risk.

*Appeal from Jones District Court*—HON. H. M. REMLEY,
Judge.

WEDNESDAY, OCTOBER 23, 1901.

ACTION for judgment on a certificate of deposit issued
by the defendants, a co-partnership doing a general banking
business. The defendants answered, pleading payment and
that the action is barred. A jury was waived, the case tried
to the court, and judgment rendered dismissing plaintiff's
petition and for costs, from which he appeals.—*Reversed.*

*B. E. Rinehart* and *M. W. Herrick* for appellant.

*Ellison, Ercanbrack & Lawrence* for appellee.

GIVEN, C. J.—I. There is no dispute as to the facts.
They are as follows: Plaintiff was committed to the state
penitentiary at Ft. Madison for a term of years, and at the
time of his commitment had $3 in money on his person,
which he soon used. During his confinement in that prison
the prison authorities received for him about $500 of a
bequest made to him. The prison clerk by his direction
deposited $300 of this money in a bank at Ft. Madison, and
received a certificate of deposit, payable in one year, with 5
per cent. interest. This certificate never came into the per-
sonal possession of the plaintiff, but was kept by the warden.
The plaintiff was transferred to the penitentiary at Anamosa
for confinement, and said certificate was sent to Warden Barr,
of that prison. Plaintiff indorsed said certificate, and at
his request Warden Barr collected money thereon, $309, and
deposited the same in the defendant's bank, and received
from defendants a certificate of deposit as follows:
"$309.00.   Niles & Watters, Bankers.   Anamosa, Iowa,

Feb. 1, 1892. Andrew Thompson has deposited with this bank three hundred & nine dollars, payable to the order of himself in current funds, with interest at 5 per cent., 12 months after this date, without interest after due. Not subject to check. No. 9,338. [Signed] T. W. Shapley, Cashier." Warden Barr kept the certificate until the expiration of his term of office, when he turned it over to his successor, P. W. Madden. W. C. Gilbrath became clerk of the Anamosa prison, and was introduced as such by Warden Madden to the defendant. On February 1, 1893, Gilbrath, being then clerk, as aforesaid, presented said last-mentioned certificate of deposit, without plaintiff's indorsement thereon, and without plaintiff's knowledge or request, to the defendants for payment, and they paid the same to him in full, and he surrendered the certificate. Gilbrath failed to account for the money. Plaintiff demanded of defendants that they pay him, which they refused to do, and thereupon, on August 26, 1899, this action was begun.

II. The contention is whether payment of the certificate to Gilbrath without the order of the plaintiff was authorized. Section 5683 of the Code is as follows: "The warden shall receive and care for any property any convict may have on his person upon entering, and if convenient place the same, if money, at interest for the owner's use, keeping an account thereof, and on the discharge of the convict return, and if money repay the same with interest so earned, to him or his legal representatives, unless in the meantime it has been previously disposed of according to law." Defendants contend that under this section, and section 5666, charging the warden with enforcing discipline, the warden has the right to receive and care for money or property which the convict has on his person upon entering, "or that comes to him at the prison during the time of his imprisonment," and therefore might rightfully receive this payment, and that Gilbrath, as prison clerk, might receive it for him. Plaintiff

contends that said section 5683 only gives the warden the right to receive and care for property and money on the convict's person upon entering, and that, as this certificate was received after, the warden's possession was not under the statute, but by reason of plaintiff's request as to, and his indorsement of, the Ft. Madison certificate; also that, even if the warden had a right to receive payment, no such right was given to the clerk. As we view the case, we need not determine whether section 5683 applies to money or other property received after entering; nor whether authority to the warden is authority to the clerk. We think it entirely clear that neither the warden nor the clerk had any right to receive, nor the defendant to make, payment of this certificate, without the order of the plaintiff. The fact of plaintiff's conviction and imprisonment did not disqualify him from transacting business touching his own property. He could give and receive conveyances, notes, or other obligations, and make and draw deposits. True, the fact of his imprisonment might render it necessary at times that he act through others; but that does not disqualify him from receiving, holding, or disposing of property in the usual manner. Concede that this certificate comes under section 5683; what was the warden's right with respect to it? The certificate was property, not money, and the warden's rights were to "receive and care for" it, and to return it on the discharge of the convict, "unless in the meantime it has been previously disposed of according to law." This certificate could not be disposed of according to law without the plaintiff's order, so long as he lived and was mentally capable of giving an order. To illustrate, let us assume it was a deed to real estate, a promissory note, a watch, or the like, that the warden received; would it be contended that he might sell and transfer the property without the owner's consent? Surely not. It is argued that the warden, and through him the clerk, was the agent for the plaintiff, and as such might receive the payment. The extent of the agency was "to re-

ceive and care for," not to sell or collect. It was not necessary to discipline that this certificate should be collected without the consent of the plaintiff, but, on the contrary, the exercise of such power would tend to insubordination.

III.   There is no merit in the plea of the statute of limitations. The action is upon the written certificate of deposit, dated February 1, 1892, due in one year, and this action was begun August 26, 1899,—but little over six years after the maturity of the paper.

We are of the opinion that the court erred in dismissing plaintiff's petition, and that, under the undisputed evidence, judgment should have been rendered in favor of plaintiff for the amount claimed.—REVERSED.